# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ELLIS HARDIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00150 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* "Appeal to Petitioner's Early Parole and Suspended Sentence Due to Serious Current Health Issues" (Doc. No. 1), filed on February 15, 2019 by Ellis Hardin, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee. The petitioner also filed an application to proceed *in forma pauperis* (IFP). (Doc. No. 2.)

The petitioner's filing is construed as a habeas corpus petition, based on his request that this court "grant him early parole release." (Doc. No. 1 at 3.) Because it is apparent from the petitioner's IFP application that he lacks sufficient funds to pay the filing fee, his application (Doc. No. 2) is **GRANTED**. The petition is now before the court for an initial review. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules").[1]

Under Habeas Rule 4, the court is required to examine the petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* The court is "authorized to dismiss

---

[1] These Rules may also be applied to habeas petitions filed under 28 U.S.C. § 2241. *See* Habeas Rule 1(b).

summarily any habeas petition that appears legally insufficient on its face." *McFarland v.Scott*, 512 U.S. 849, 856 (1994).

The petition names the State of Tennessee as respondent and seeks appellate review of a Tennessee court's denial of the petitioner's application for early parole and suspended sentence, without asserting any federal constitutional violation or otherwise presenting a federal question for adjudication. The petitioner cannot present a cognizable habeas claim without asserting some violation of his federal rights, as state prisoners can only be granted habeas relief if they are held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *see Callaway v. Sherry*, No. 2:04-cv-58, 2006 WL 2632561, at *3 (W.D. Mich. Sept. 13, 2006). The petitioner does not allege that his sentence or its execution violates federal law.

The petitioner explicitly states that his action in this court is an appeal from the decision of the Rutherford County Circuit Court in Murfreesboro, Tennessee, which denied his application for early parole and suspended sentence on January 23, 2019. (Doc. No. 1 at 1.) He provides state-court case numbers in the caption of his petition, "and in accordance to the above captioned cases moves an appeal to this Honorable Court." (*Id.*) The appeal the petitioner is attempting to pursue in this court is based on his allegations that he is 83 years old with over 9 years remaining on his sentence; that he is not eligible for parole until July 2023; and that he "has suffered serious health problems in the past 3 years [for which] he needs extra outside close care." (*Id.* at 2.) The petitioner alleges the he was hospitalized at Meharry General Hospital for three weeks in December 2018, for removal of his gallbladder and part of his bowel. (*Id.*) Soon after returning from this hospital stay, the petitioner fell in his housing unit and had to be transported to the prison's "Site #1 hospital," which "had to seek outside help to run a pik on Petitioner since Petitioner had a hard

stick." (*Id.*) He alleges that his health has deteriorated since December 2018, and that he now requires permanent use of a wheelchair, a nutritional supplement, daily medication, and the assistance of a nurse who provides treatment for his bed sores and surgical wound care. (*Id.* at 2–3.)

The petition invokes Tenn. Code Ann. § 40-35-314(c), which provides that "[t]he [sentencing] court shall retain full jurisdiction over the defendant during the term of the sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible…." Tenn. Code Ann. § 40-35-314(c). The petitioner essentially argues that the Rutherford County Circuit Court—"[e]ven though" empowered to grant his application under § 40-35-314(c) as a matter of discretion—abused its discretion in denying early parole or suspended sentence. (Doc. No. 1 at 1 (citing *State v. Ruiz*, 204 S. W. 3d 772, 777–78 (Tenn. 2006).) *See State v. Hampton*, No. W2015-00780-CCA-R3-CD, 2016 WL 4200176, at *3 (Tenn. Crim. App. Aug. 8, 2016) (reviewing "[a] trial court's ruling on a petition to suspend a sentence of confinement pursuant to section 40-35-314(c) . . . for an abuse of discretion"). The court finds no basis for a habeas claim here.

Accordingly, upon initial review of the petition, it plainly appears that the petitioner is not entitled to relief in the district court. If the petitioner is to appeal the sentencing court's ruling on his application for early parole and suspended sentence, he must do so before the Tennessee Court of Criminal Appeals. Further proceedings in this court are not warranted.

Accordingly, this case is **DISMISSED** without prejudice. A certificate of appealability shall not issue in this action. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge